[Cite as *Griffin v. Allied Motor Works*, 2020-Ohio-3064.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Stanley J. Griffin, Jr.                          Court of Appeals No. L-19-1035

    Appellant                              Trial Court No. CVI 1800225

v.

Allied Motor Works                          **DECISION AND JUDGMENT**

    Appellee                               Decided:  May 22, 2020

* * * * *

Stanley J. Griffin, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Stanley Griffin, Jr., appeals the judgment of the Sylvania Municipal Court, finding in favor of appellee, Allied Motor Works, on appellant's claim for damages.  For the reasons that follow, we affirm.

**I.  Facts and Procedural Background**

{¶ 2} On October 3, 2018, appellant initiated the present matter by filing a small claims complaint in the Sylvania Municipal Court.  Appellant described the nature of the

claim as being that he was charged for work not done on his car and that parts of his car had been damaged.

{¶ 3} The matter was called for a bench trial on January 3, 2019.  At the trial, appellant testified that in 2010 he purchased a 1990 Jaguar convertible that had been sitting for 16 years.  In February 2016, having learned that the car had a blown head gasket, appellant received an estimate from appellee of $5,500 for the repair.  Appellant decided not to use appellee's services, and had the blown head gasket repaired by a different mechanic.  Appellant states that the other mechanic damaged his car, resulting in litigation that ended with him receiving a settlement of $13,000.

{¶ 4} In July 2017, appellant again contacted appellee to repair his car.  Appellee was hesitant, but nonetheless agreed to perform the work.  The invoice for the repairs indicated that the initial diagnostic report for the car was that it was running hot after having the head gaskets replaced, that the battery died when plugged in, and that the driver's side windshield wiper was not working.  After performing a series of tests, appellee determined that a new head gasket was required.  John Zelasko, on behalf of appellee, described the process involved in replacing a head gasket and the subsequent tests that were performed on the new head gasket.  He testified that the new head gasket was not leaking and he had no concerns about the car running hot after the repair.  The repairs were completed on October 31, 2017, for a total amount of $4,507.18.

2.

{¶ 5} When appellant picked up the vehicle, he questioned the need for a new battery since he had just purchased one recently. Appellant also noticed that the fog light covers had been damaged, which appellee eventually replaced with after-market covers.

{¶ 6} Appellant testified that on his way home from the shop, the car began to smoke so badly that it impeded traffic. Appellant contacted appellee the next day, and appellee took the car back. Zelasko testified that the smoke was caused by the ABS modulator burning transmission fluid. Zelasko testified that while doing the initial head gasket repair, appellee had not touched anything relating to the transmission. Appellee nonetheless replaced the modulator valve, and returned the car around Christmas 2017.

{¶ 7} When the car was returned, it was dirty. It had greasy hand prints and animal prints on it, and looked like it had been in a junkyard. Appellant testified that typically he kept the car in showroom condition. Zelasko acknowledged that the car should have been returned clean.

{¶ 8} Appellant testified that after the car was returned, he noticed that the automatic transmission was not shifting properly. Appellant testified that the car would stay in first gear until the driver let off of the gas, and then it would shift into second gear. Appellant stated that Zelasko told him just to continue driving the car and the issue would work itself out. However, appellant recently took the car to a transmission specialist who found that there was supposed to be 20 pounds of vacuum going through the transmission, but the car only had 10 pounds.

3.

{¶ 9} On July 4, 2018, appellant took the car downtown, and by the time he returned home, he noticed steam coming from under the hood. Appellant testified that the car was leaking from the water pump and the hose that goes over the water pump. Appellant testified that it was an original hose from the factory, and if one were to do a head gasket job, then that hose would have been replaced. Appellant further noticed other hoses that were dry-rotted and should have been replaced during the head gasket repair. In addition, appellant testified that if appellee had done the head gasket repair, then appellant should have received back the old head gasket, and the rest of the head gasket kit.

{¶ 10} In response to the July 4, 2018 issue, Zelasko came out to look at the car. Thereafter, appellee sent one of its other mechanics out to replace the bad hoses with new ones purchased by appellant.

{¶ 11} When Zelasko left after looking at the car, appellant discovered one of the old hoses was missing, and he believes that Zelasko took the hose. Appellant testified that he could not trust appellee after that. Zelasko, for his part, denies intentionally taking the hose, and questioned what he could possibly want with a broken hose. Nevertheless, because of the mistrust, appellant refused written offers from appellee, post-marked November 29, 2018, to tow the vehicle back to its shop and redress any issues related to its work.

{¶ 12} Following the hearing, the trial court entered its written judgment on January 23, 2019. The trial court determined that "although there may be an issue as to

4.

whether [appellee] repaired [appellant's] engine in a workmanship-like manner, that issue is moot by reason of the fact that [appellee] offered to perform remedial work pursuant to its warranty and [appellant], for reasons that are unclear, refused to accept said offer." Thus, the trial court found appellant's cause of action not well-taken, and dismissed the matter.

## II. Assignment of Error

{¶ 13} Appellant has timely appealed the judgment of the Sylvania Municipal Court, and now asserts one assignment of error for our review:

1. The trial court abused its discretion by allowing the defendant to describing (sic) what a head gasket job consisted of opposed to providing evidence of the work that was performed on the vehicle. Such as in the OAC 109:4- section C 5, 9, 12, 13 and 14 motor vehicle repairs or services.

## III. Analysis

{¶ 14} An appellate court reviews judgments from the trial court following a bench trial under the manifest weight of the evidence standard. *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 12. The manifest weight standard is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Thus, "[t]he [reviewing] court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a

5.

new trial ordered." *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

{¶ 15} In support of his assignment of error, appellant makes several arguments, which we will address in turn. First, appellant argues that the trial court erred in ruling for appellee on the basis that appellee was a Jaguar Certified Specialist. Appellant, in an apparent effort to contest Zelasko's credibility, contends that appellee put the wrong kind of motor oil in the car. However, appellant did not present any evidence regarding motor oil at the trial, thus we will not consider this argument. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Further, "[i]n either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Thus, to the extent that the trial court based its decision on the fact that appellee is a Jaguar Certified Specialist—which reasoning is not at all evident from the record—we hold that such a determination of credibility does not warrant reversal of the trial court's decision. Therefore, appellant's first argument is without merit.

6.

{¶ 16} Second, appellant argues that appellee failed to produce any documents detailing the work that was performed on appellant's car. Relatedly, appellant argues that appellee never returned the old parts from the head gasket job. Although unclear, we believe that appellant is arguing that appellee never performed the head gasket repair.[1] On this point, we find that Zelasko's testimony is sufficient to support a conclusion that the head gasket was indeed repaired and replaced. Moreover, appellant has produced no evidence or testimony that the new head gasket is defective in any way. Thus, we find appellant's second argument is without merit.

{¶ 17} Third, appellant argues that Zelasko perjured himself when he testified that he did not know that appellant's car had overheated. Appellant argues that, in fact, Zelasko was aware that the car overheated because he came out to appellant's house following the July 4, 2018 issue. However, Zelasko's testimony, when read in context, is related to whether the car is still running hot as of the time of the lawsuit or the trial. Indeed, appellant did not produce any evidence or testimony that the car was still overheating after appellee replaced the hoses following the July 4, 2018 issue. Thus, we find no merit to appellant's third argument.

{¶ 18} Fourth, appellant argues that the court found that appellee offered to repair the car even though it was outside of the warranty. Appellant disputes that the car was

---

[1] We reach this conclusion in part because appellant later asserts that Zelasko took an old hose from appellant's car, which he claims would have been proof that appellee never performed the head gasket repair.

outside of the warranty. Further, appellant takes issue with the fact that appellee did not tow the car to its shop following the July 4, 2018 issue, but instead sent someone to replace the hoses with ones that appellant had purchased. We find appellant's complaints to be irrelevant. Regardless of whether the car was covered by the warranty or not, appellee responded to fix the car following the July 4, 2018 issue. Likewise, it is irrelevant if the inspection and repair is done at appellee's or appellant's location. Thus, we find no merit to appellant's fourth argument.

{¶ 19} Fifth, appellant argues that the court did not address the damaged fog light and fog light covers, nor did the court address the length of time that it took appellee to fix appellant's car. We hold that the trial court's failure to specifically address these issues is not reversible error. "As a general rule, although a plaintiff in a civil case must prove its damages with certainty, it is permitted to reasonably estimate the amount of damages." *Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 2018-Ohio-3304, 119 N.E.3d 817, ¶ 16 (6th Dist.). Here, appellant did not produce any evidence or testimony even estimating the amount of damages pertaining to the fog light and fog light covers or the length of time that it took to complete the repairs. Without any proof of damages, appellant is not entitled to relief on these issues. Thus, we find no merit to appellant's fifth argument.

{¶ 20} Sixth, appellant argues that appellee attempted to repair the transmission, but the car does not change gears like it should. Appellant asserts that there is a problem with the vacuum lines going to the transmission, and appellee's proposed remedy of just

8.

driving the car will not fix the problem. However, the record does not show that appellee was ever contracted to repair the transmission or to replace the vacuum lines going to the transmission. Further, Zelasko testified that in repairing the head gasket, appellee did not touch the transmission. Thus, we find no merit to appellant's sixth argument.

{¶ 21} Seventh, and finally, appellant argues that appellee installed a battery without prior authorization, after leaving the fog lights on and killing the battery that appellant had just purchased. However, the transcript from the hearing reveals that appellant never actually asserted that appellee killed the battery by leaving the fog lights on. Thus, we find no merit to appellant's seventh argument.

{¶ 22} Therefore, finding no merit to appellant's arguments, we hold that the trial court did not clearly lose its way and commit a manifest miscarriage of justice in ruling in favor of appellee on appellant's claim. Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 23} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                              JUDGE

Arlene Singer, J.                          
                                            _____

Thomas J. Osowik, J.                                             JUDGE
CONCUR.

                                            _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.